FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

FEB 03 2010

D. MARK JONES, CLERK
BY_____
DEPUTY CLERK

CARLIE CHRISTENSEN, Acting United States Attorney (#0633)
MARK K. VINCENT, Assistant United States Attorney (#5357)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:09-CR-721-CW |
| Plaintiff, | : | |
| vs. | : | STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY. |
| MICHAEL THOMPSON GIUMETTE, | : | |
| Defendant. | : | |

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining and completing this form:

1.      As part of this agreement with the United States, I intend to plead guilty to Count I of the Felony Information charging a violation of 18 U.S.C. § 2425 [USE OF AN INTERSTATE FACILITY TO TRANSMIT INFORMATION ABOUT A MINOR FOR SEXUAL ACTIVITY]. My attorney has explained the nature of the charge against me, and I have had an opportunity to discuss the nature of the charge with my attorney. I understand the charge and what the government is required to prove in order to convict me. The elements of Count I [USE OF AN INTERSTATE FACILITY TO TRANSMIT INFORMATION ABOUT A MINOR FOR SEXUAL ACTIVITY] are: *First*, the defendant used a facility of interstate commerce; specifically the internet; *Second*, the defendant knowingly initiated a transmission of the name or electronic mail address of

another individual, knowing that individual had not attained the age of 16 years; and *Third*, the defendant had the intent to entice, encourage, offer, or solicit any person, to engage in sexual activity for which he could be charged with a criminal offense, or he attempted to do so.

2.      I know that the maximum possible penalty provided by law for Count I of the Felony Information [USE OF AN INTERSTATE FACILITY TO TRANSMIT INFORMATION ABOUT A MINOR FOR SEXUAL ACTIVITY], a violation of Title 18, United States Code, Section 2425, is a term of imprisonment of up to FIVE (5) years imprisonment; a fine of TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00); and a term of supervised release of up to LIFE, FIVE (5) years minimum/mandatory.  I understand that if the supervised release term is violated for any of these Counts, I can be returned to prison for the length of time provided in Title 18, United States Code, Section 3583(e)(3).  Additionally, I know the court is required to impose an assessment in the amount of $100.00 for each offense of conviction and that restitution to the victims of my offenses may be ordered pursuant to Title 18, United States Code, Section 3663.  I have also subjected personal property to forfeiture, namely a Dell Latitude, Model # EU8600, laptop computer and a Blackberry 8310 (serial #355085027482985) because the property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 2428 and this property was directly and/or indirectly used to facilitate the commission of this felony offense.

3.      I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence.  I have discussed these facts with my attorney.  I further know that the final Guidelines calculation by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea in spite of that fact.  However, because my plea of guilty is being entered pursuant to Fed.R.Crim.P. 11(c)(1)(C), as explained below, I know that I will be able to withdraw my plea if the Court does not agree to the Rule 11(c)(1)(C) agreement.

4.      I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5.      I know that I have a right to plead "Not Guilty," and I know that if I do plead "Not Guilty," I can persist in that plea.

-2-

6.      I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

> (a) I have a right to the assistance of counsel at every stage of the proceeding.

> (b) I have a right to see and observe the witnesses who testify against me.

> (c) My attorney can cross-examine all witnesses who testify against me.

> (d) I can call the witnesses I want to call, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the government will pay them.

> (e) I cannot be forced to incriminate myself and I do not have to testify at any trial.

> (f) If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

> (g) The government must prove each and every element of the offense charged against me beyond a reasonable doubt.

> (h) It requires a unanimous verdict of a jury to convict me.

> (i) If I were to be convicted, I could appeal, and if I could not afford to appeal, the government would pay the costs of the appeal, including the services of appointed counsel.

7.      Under a plea of guilty, there will not be a trial of any kind.

8.      I know that 18 U.S.C. § 3742(a) sets forth the circumstances under which I may appeal my sentence. However, fully understanding my right to appeal my sentence, and in consideration of the concessions and/or commitments made by the United States in

this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal as set forth in paragraph 12 below unless the sentence imposed upon me in this case is contrary to the Rule 11(c)(1)(C) provision in this agreement.

9.      I know that 18 U.S.C. § 3742(b) sets forth the circumstances under which the United States may appeal my sentence. I know the United States may appeal the sentence imposed upon me in this case only if the sentence (a) is contrary to the Rule 11(c)(1)(C) provision in this agreement, (b) is imposed in violation of law, or (c) in light of the factors listed in 18 U.S.C. § 3553(a), the sentence is unreasonable.

10.      I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11.      I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea and for calculating the sentence in my case:

> On or about September 15, 2009, in Utah County, Utah, using a facility of interstate commerce, the internet, I, Michael Thompson Giumette, knowingly transmitted the name of a minor, who was in fact an undercover officer posing as a 13 year old girl, across state lines. I believed that this undercover officer was a minor who was 13 years of age at the time of the transmissions.
> In the transmissions I specifically suggested to the alleged minor that I would engage in sexual intercourse if we met. In these transmissions I intended to entice, encourage, offer or solicit, this minor to engage in sexual activity for which I could be charged with a criminal offense under Utah law.
> The above-described actions were done in violation of 18 U.S.C. § 2425.

12.      The only terms and conditions pertaining to this plea agreement between the defendant and the United States are as follows:

      A.      The parties jointly agree that:

            (1)      Pursuant to Fed.R.Crim.P. 11(c)(1)(C), the sentence imposed by the Court upon the defendant will be 46 months imprisonment and a TEN (10) year term of Supervised

Release.  The parties further agree that this is a reasonable sentence.

(2)     The defendant and the United States understand that this agreement, including the defendant's plea, the agreed upon sentence, and all other terms referenced herein, are subject to the approval of, and acceptance by the Court.  The defendant and the United States further understand that the Court will likely order the preparation of a Presentence Report to assist in the determination of whether this plea and the agreement are appropriate, and the parties agree to full cooperate in the preparation of the Presentence Report.

(3)     If, after receiving all relevant information, the Court rejects the plea agreement and determines that a sentence different from the agreed upon sentence of 46 months will be imposed, the defendant will have the right to withdraw the plea of guilty and the terms of this agreement will become null and void.  Likewise, if the Court rejects the plea agreement and determines that the sentence should be less than 46 months, the United States will have the right to move to vacate this agreement, and the terms of this agreement, including the plea, will become null and void.  And

(4)     The defendant and the United States agree that all other sentence provisions (e.g., restitution, assessments, etc.) will be imposed in accordance with applicable law.

B.      The defendant agrees to:

(1)     Plead guilty to Count I of the Felony Information.

(2)(a)  Forfeit all interest in any crime-related asset that he currently owns, previously owned or over which he has in the past, exercised control, directly or indirectly, and any property he has transferred, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that

constitutes the proceeds of his offense, including but not limited to the following specific property, to wit:  a Dell Latitude, Model # EU8600, laptop computer and a Blackberry 8310 (serial #355085027482985).

(2)(b)   He warrants that he has no ownership interest in all of the property listed above, and agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this agreement.

(2)(c)   He further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal.  He agrees to consent to the entry of orders of forfeiture for such property and waive the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. He acknowledges and understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

(2)(d)   He further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.  He acknowledges that all property covered by this agreement is subject to forfeiture as property involved in illegal conduct and proceeds giving rise to forfeiture.

(3)(a)   Fully understanding his limited right to appeal his sentence, as explained above in Section 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, to knowingly, voluntarily, and expressly waives his right to appeal any sentence imposed upon him, and the manner in which the sentence is determined, on any of the grounds set forth in 18 U.S.C. § 3742 or on any ground

whatever, except he does not waive his right to appeal (1) a sentence above the maximum penalty provided in the statute of conviction as set forth in Section 2 above; and (2) a sentence not consistent with the agreement outlined in this statement made pursuant to Fed.R.Crim.P. 11(c)(1)(C).

(3)(b)  To knowingly, voluntarily, and expressly waive his right to challenge his sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255.

(3)(c)  He fully understands that this waiver of his appeal and collateral review rights concerning his sentence shall not affect the government's right to appeal his sentence pursuant to 18 U.S.C. § 3742(b). However, he understands that the United States agrees that if it appeals his sentence, he is released from his waiver. And

(3)(d)  He further understands and agrees that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not limited to: (1) sentencing determinations; (2) the imposition of imprisonment, fines, supervised release, probation, and any specific terms and conditions thereof; and (3) any orders of restitution. And

(4)  That under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: the location of his residence, the location of his employment; and, if he is a student, the location of his school. Registration will require that he provide information that includes name, residence address, and the names and addresses of any places at which he is or will be an employee or a student. He understands that he must update his registration not later than three business days after any change of name, residence, employment, or student status. He understands that failure to comply with these obligations subjects himself to prosecution for failure to register under federal law (18 U.S.C. § 2250) which is punishable by a fine or imprisonment, or both.

C.    The United States agrees to:

(1)    Dismiss Count I of the Indictment, pursuant to Fed.R.Crim.P. 48(a), at the time of sentencing.  And

(2)    Recommend that the defendant be designated to a Bureau of Prison facility that provides Sex Offender Therapy programs and he be permitted to enroll and participate in these respective programs while incarcerated.

13.    I understand that if I knowingly violate any local, state or federal law between now and the time of my sentencing, such offense may constitute a violation of this plea agreement.  I also understand that the Court will decide whether a violation of the plea agreement has occurred.  If the Court finds that I have breached this agreement by violating any law, I understand that the Court may relieve the government of all obligations and commitments in this plea agreement while leaving intact my plea of "Guilty."

14.    I understand that because my plea of guilty is being entered pursuant to Fed.R.Crim.P. 11(c)(1)(C), the Court cannot determine whether to accept this binding plea agreement until the Presentence Report has been received and reviewed by the judge.

15.    I understand that the Court can and will consider all available information in determining my sentence.  I also understand that if I am sentenced to prison, such information may be considered by prison officials in making decisions concerning my incarceration.

16.    I know I have a right to ask the Court any questions I wish to ask concerning my rights, or about these proceedings and the plea.

*        *        *        *

-8-

I make the following representations to the Court:

1. I am _48_ years of age. My education consists of _3 yrs. College_ . I can read and understand English or if I cannot read and understand English I have had the services of a court-approved interpreter to interpret this pleading and accompanying hearing in my native tongue.

2. No threats or promises of any sort have been made to me to induce me or to persuade me to enter this plea.

3. No one has told me that I would receive probation or any other form of leniency because of my plea.

4. I have discussed this case and this plea with my lawyer as much as I wish to.

5. I am satisfied with my lawyer.

6. My decision to enter this plea was made after full and careful thought, with the advice of counsel, and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication or intoxicants when the decision to enter the plea was made and I am not now under the influence of any drugs, medication or intoxicants.

7. I have no mental reservations concerning the plea.

8. I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I wish to make no changes because all of the statements are correct.

DATED this ___3___ day of FEBRUARY, 2010.

_____
MICHAEL THOMPSON GIUMETTE
Defendant

-9-

I certify that I have discussed this statement with the defendant, that I have fully explained his rights to him, and I have assisted him in completing this form. I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

DATED this ___3___ day of FEBRUARY, 2010.

LONI F. DELAND
Attorney for Defendant

This statement sets forth the entire agreement entered into by the United States.

DATED this ___3 2___ day of FEBRUARY, 2010.

CARLIE CHRISTENSEN
Acting United States Attorney

MARK K. VINCENT
Assistant United States Attorney

-10-